William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs



TRAGER, J.

J. ORENSTEIN, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Moses A. Kamara, Rudolph Max-Dixon, | : |
| Boueima Moumouni, Morris Sesay, | : |
| Charles E. McGee, Harry T. Cooper, Garfield J. Jallah, | : |
| Joseph Pearson, Yark Beyan, Karamo Conde, Prince Giaabiu, | : |
| Matarr Njie, Pierre T. Harris, Muose Fofana, Mamasa Sheriff, | : |
| Ernest Hallowanger, Samson Brown, Joe Appiah, | : |
| Enoch O. Bekoe, Nicholas Owusu, Yakubu Azindow, | : |
| Lawson Beh, Melchizedek Danquah, Albert K. Harris, | : |
| Sackie S. Kpofolo, Stephen Owusu, Edward F. Yondah, | : |
| Adisa W. Balogun, Brima Sylla, Maximillian Collins, | : |
| Anthony Walker, Zoe Gray-McGee, | : |

ECF
2006 Civ. _____

COMPLAINT

JURY TRIAL
DEMANDED

Plaintiffs,

-against-

Eastern Investigational Services, Inc., Edward
Salek, and John Does #1-10, Jointly and Severally,

Defendants.

────────────────────────────────X

Plaintiffs as listed in the caption above ("Plaintiffs"), through their attorneys, complaining

of Defendants, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves, individually, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) et seq., that they are: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all, (ii) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (iii) entitled to reimbursement for improper deductions made by Defendants from wage payments and/or (iv) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.      Plaintiffs further complain on behalf of themselves, individually, pursuant to New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). that they are (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all, (ii) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (iii) entitled to reimbursement for improper deductions made by Defendants from wage payments, (iv) entitled to on hour of wages for each day in which plaintiffs were required to work a spread of more than ten hours, and/or (iv) entitled to punitive damages.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over

Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiffs are all persons who worked as security guards for Defendant Eastern Investigational Services during the period June 17, 1999 to the present and who worked hours for which they were not paid and/or worked more than 40 hours in a week and were not paid overtime at the rate of time and one-half their hourly rate and/or worked hours in a day more than ten hours apart and were not paid for an extra hour of work on such days and/or worked for Defendants and improperly had monies deducted from their hourly wages by Defendants.

7.      Upon information and belief, Eastern Investigational Services, Inc. is a corporation incorporated under the laws of the State of New York whose principal place of business is located at 900 Hylan Boulevard, Staten Island, N.Y. 10305.

8.      Upon information and belief, Defendant Edward Salek is an officer, director and/or managing agent of the CORPORATE DEFENDANT, whose address is unknown at this time and who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York

3

Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

9.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the CORPORATE DEFENDANT, whose identities are unknown at this time and who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

## STATEMENT OF THE FACTS

10.     Plaintiffs were employed by Defendants as security guards during the period January 1, 1999 to the present.

11.     Plaintiffs worked more than 40 hours per week and/or more than ten hours per day.

12.     Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

13.     The work performed by Plaintiffs required little skill and no capital investment. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

14.     Plaintiffs often worked in excess of 40 hours a week and/or ten hours per day, yet the Defendant willfully failed to pay Plaintiffs any compensation for all of the hours worked by

4

them as well as overtime compensation of one and one-half times his regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

15.     Certain of the Plaintiffs were not paid for hours worked and certain of the plaintiffs had monies improperly deducted from their wages by Defendants.

16.     Upon information and belief, throughout all relevant time periods, and during the course of Plaintiffs' own employment, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

17.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

18.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19.     At all relevant times, Defendants employed and/or continue to employ Plaintiffs within the meaning of the FLSA.

20.     Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

21.     At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

22.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consents are attached hereto and incorporated by reference.

23.     As a result of the Defendants' willful failure to compensate Plaintiffs for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, and willful failure to reimburse amounts improperly deducted from certain Plaintiffs' wages, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

24.     As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiffs, upon information and belief Defendants have failed to make, keep and preserve records with respect to each of Plaintiffs sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

25.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, their unpaid wages, the amounts illegally deducted from their hourly wage payments, their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

27.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

28.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

29.     Defendants willfully violated Plaintiffs' rights by failing to pay them any compensation for all of the hours worked by them as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, and failing to reimburse employees for amounts illegally deducted from their wages, in violation of the New York Labor Law and its regulations including the "spread of hours" regulation, 12 NYCRR § 142-2.18.

30.     Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

31.     Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of themselves, individually, respectfully request that this Court grant the following relief:

7

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(b)     An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(c)     An award of unpaid wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

(d)     An award of the amount of deductions made to Plaintiffs' hourly wages by Defendants due under the FLSA and the New York Labor Law;

(e)     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(f)     An award of prejudgment and post judgment interest;

(g)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
      August 10, 2006

                    LAW OFFICE OF WILLIAM COUDERT RAND

                    S/William C. Rand

                    William Coudert Rand, Esq. (WR-7685)
                    Attorney for Plaintiffs

                    711 Third Avenue, Suite 1505
                    New York, New York 10017
                    Tel: (212) 286-1425

                    Co-counsel
                    Berger & Gottlieb
                    Jeffrey M. Gottlieb, Esq. (JG-7905)
                    150 East 18th Street, Suite PHR
                    New York, New York 10003
                    Tel: (212) 228-9795

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, _Eastern Investigational Services, Inc._ I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _____          _06/20/05_
Signature                            Date

_MOSES A. KAMARA_
Printed Name

FAX NO. : 2129826284

Jan. 16 2006 01:32PM P7

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, *Eastern Investigational Services Inc.* I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _Rmuuuu._
Signature

_AUGUST 4, 2005_
Date

_RUDOLPH MAX-DIXON_
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, _Eastern Investigational Services, Inc_ , I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.


X _Boureima MouMouni_

Signature

_Boureima MouMouni_

Printed Name

_June 24, 2005_

Date

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, Eastern Investigational Services, Inc. I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _____       6/22/2005
Signature                                Date

Morris Sesay
Printed Name

Jan. 16 2006 01:29PM P1

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, *Eastern Investigational Services Inc.* I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _____          _07/01/05_

Signature                            Date

LT. Charles E. McGee

Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, *Eastern Investigational Services LLC.* I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _____        _7_/_7_/_5_____

Signature                                Date

Harry T. Cooper

Printed Name

FAX NO. : 2129826284

Jan. 16 2006 01:33PM  P10

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, Eastern Investigational Services Inc. I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _____
Signature

8-15-05
Date

GARFIELD J. JALLAH
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, *Eastern Investigational Services Inc.* I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

X _Joseph Pearson_

Signature

_7/17/05_

Date

_Joseph Pearson_

Printed Name

FAX NO. : 2129826284

Jan. 16 2006 01:31PM P5

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, *Eastern Investigational Services, Inc.* I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.


X _Yark Beyan_____
Signature

_July 23, 2005_____
Date


_Yark Beyan_____
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

K. Conde
Signature

01-23-06
Date

KARAMO CONDE
Printed Name

Date of employed f0-2-2004 untyll now—

I was working 5 day A week 8 hrs A day

Holyday no—

Vacatyon no—

my TEL 718) 981 28-42 house

Cell phon — 646-66 79442

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

Date  1/21/06

PRINCE GYAABIN
Printed Name

2/3/04 DATE OF EMPLOYMENT

4/29/05 day LEFT

6 DAYS A WEEK

10 HRS — 12 HRS

185 PARKHILL AVE

APT 6X

S.I. N.Y.

# 718-688-4828

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair
Labor Standards Act to recover unpaid wages and overtime from my current and/or
former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

_____1/20/0C_____
Date

__MATARR   NJIE__
Printed Name

I was a Supervision working 7 days a week.
70 hrs a week.

I was employe in 2002 and I'm still
working with Eastern In.

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

2/3/06
_____
Date

PIERRE T. HARRIS
_____
Printed Name

PIERRE T. HARRIS

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____          02/16/06
Signature                                Date

_Muose  Fofana_
Printed Name

/02/2006  08:23    6102372030
CHANGE ... 6102372030
7705944608;
Feb-18-06 21:48;
PAGE  01
Page 1/2
Case 1:06-cv-03872-DGT-JO   Document 1   Filed 08/10/06   Page 24 of 41 PageID #: 24

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____        _____ 2/21/06 _____
Signature                                          Date

Marnasa Sheriff
Printed Name

932 Forrester Ave
Darby PA, 19023
610-809-2834
Form may 2003
To Dec 2004

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair

Labor Standards Act to recover unpaid wages and overtime from my current and/or

former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

2/11/06
_____
Date

Ernest Hallowauger
_____
Printed Name

803 -794-6819

Cell 803-261-3862

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

Signature

Date _3-8-2006_

Printed Name _SAMPSON BROWN_

_718-447-3685_

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair

Labor Standards Act to recover unpaid wages and overtime from my current and/or

former employer, Eastern Investigational Services, Inc. et al.


_Appiah_
Signature

_03-27-06_
Date

_JOE APPIAH_
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

Signature

Date 03-27-06

Printed Name ENOCH OSEI BEIKOE

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

Signature _____

Date __3/28/06__

Printed Name __Nicholas Owusu__

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

3 - 29 - 2006
_____
Date

Yakubu Azindow
_____
Printed Name

CITY NATIONAL BANK

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

Signature _____     Date __04/06/06__

__LAWSON BEH__
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

04-03-06
_____
Date

MELCHIZEDEK BANQUAH
_____
Printed Name

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

_04/29/06_____
Date

_ALBERT K. HARRIS_____
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair

Labor Standards Act to recover unpaid wages and overtime from my current and/or

former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

_____4/28/06_____
Date

SACKIE S. Kpofolo
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

3 - 30 - 2006
Date

STEPHEN  OWUSY
Printed Name

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_____
Signature

05-09-06
Date

EDWARD F. YONDAH
Printed Name

ADD: 160 PARK HILL AVE, APT 2S
STATEN ISLAND, NY 10304
TEL. 917-238-5980

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_KWABalogun_
Signature

_5 — 12 — 06_
Date

_ADISA W. BALOGUN_
Printed Name

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

Signature _____

Date 4/20/06

**BRIMA SYLLA**
Printed Name

→ Continuation from previous page

There was no body to complain to regarding our breaks. Whenever any security guard complains the only answer he or she can get is there is no enough security guards. We were not given the payment for overtime (time and half).

As far as taxes are concerned, from the beginning taxes were deducted from the checks. But latter on, we were told to pay our own taxes at the end of the year which was not in our benefits. When any security guard decides to get off, he was not encouraged to do so. There were no sikk days, vacation or health care benefits. I hope that this law suit will be a success to bring justices to us.

Adres:
185 Saint Marks place, Apt 1061
Staten Island, NY, 11201     Cell: 347-623-7657     Thanks
                                                       Brima sylla

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

_M Collins_
Signature

_05/17/06_
Date

_MAXIMILLIAN COLLINS_
Printed Name

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

Signature

Date  02/25/06

Printed Name  Anthony Walker

My Cell # 347-613-5767

TO ZOE

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, Eastern Investigational Services, Inc. et al.

__Mcgee__
Signature

__06-12-06__
Date

__Zoe Gray-mcgee__
Printed Name

Zoe Gray- Mcgee
4653 Peachtree Place
North Pkwy apt # G.
Doraville G.A 30360

Telephone # 678-437-6699

Started July 26, 2001 to July 30 2003
Work 5 days a week $10.00 per hour.
from 6am to 12 pm.